29

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1    HAPPY ASKER

D-2    MAHER BASHI

D-3    TOM J. YALDO

D-4    ARKAN SUMMA

D-5    TAGRID SUMMA BASHI

Defendants.

_____/

**Case:2:13-cr-20518**
**Judge: Hood, Denise Page**
**MJ: Grand, David R.**
**Filed: 07-12-2013 At 12:28 PM**
**INDI USA V. SEALED MATTER (DA)**

Offenses
Ct. 1: 18 U.S.C. § 371 –
Conspiracy to Defraud the United States

Cts. 2-4: 26 U.S.C. § 7206(1) –
Filing a False Income Tax Return

Cts. 5-59: 26 U.S.C. § 7206(2) –
Aiding or Assisting in the Filing of a False
Payroll and Income Return

Cts. 60-62: 26 U.S.C. § 7212(a) –
Corrupt Endeavor to Obstruct or Impede
the Due Administration of the Internal
Revenue Laws

## INDICTMENT

The Grand Jury in and for the Eastern District of Michigan, sitting at Detroit, charges:

## COUNT 1

18 U.S.C. § 371
Conspiracy to Defraud the United States
(Happy Asker, Maher Bashi, and Tom J. Yaldo)

D-1 HAPPY ASKER
D-2 MAHER BASHI
D-3 TOM J YALDO

## Defendants and Entities

At all times relevant to this Indictment:

1.      Happy's Pizza Foods, Inc., Happy's Pizza Franchise, LLC, and Happy's Pizza Holdings, LLC, were Subchapter S corporations that operated in and from Farmington Hills, Michigan, and were solely owned and controlled by HAPPY ASKER.

2.      The Happy's Pizza restaurant franchises ("Happy's Pizza"), were a series of pizza delivery restaurants operating in Michigan, California, Illinois, Indiana, Nevada, and Ohio.

3.      The Defendant HAPPY ASKER was the founder and a controlling shareholder in most Happy's Pizza franchises operating from numerous locations, including, but not limited to, the following addresses:

(a)     26760 Southfield Road, Lathrup Village, Michigan ("Happy's Pizza Number 8");

(b)     4220 Livernois Avenue, Detroit, Michigan ("Happy's Pizza Number 9");

(c)     9635 Telegraph Rd, Redford, Michigan ("Happy's Pizza Number 14");

(d)     7170 Orchard Lake Rd, West Bloomfield, Michigan ("Happy's Pizza Number 24);

(e)     3980 Lee Road, Cleveland, Ohio ("Happy's Pizza Cleveland Number 2");

(f)     1472 W Sylvania Avenue, Toledo, Ohio ("Happy's Pizza Toledo Number 2); and

(g)     27 S. Reynolds Road, Toledo, Ohio ("Happy's Pizza Toledo Number 3) ("ASKER Happy's Pizza franchises").

4.      The Defendant MAHER BASHI, a resident of West Bloomfield, Michigan, was an executive officer working for Happy's Pizza.  Defendant MAHER BASHI worked

2

at Happy's Pizza headquarters, in Farmington Hills, Michigan, and assisted the

Defendant HAPPY ASKER by supervising his Happy's Pizza franchise operations.

    5.     The Defendant TOM J. YALDO, a resident of West Bloomfield, Michigan,

maintained an office at Happy's Pizza headquarters and was a shareholder in Happy's

Pizza franchises operating from numerous locations, including, but not limited to, the

following:

    (a)    28867 Van Dyke, Warren, Michigan ("Happy's Pizza Number 20");

    (b)    13074 Dix, Southgate, Michigan ("Happy's Pizza Number 25");

    (c)    4901 Clio, Flint, Michigan ("Happy's Pizza Number 29");

    (d)    6045 South Cedar Street, Lansing, Michigan ("Happy's Pizza Number 35");

    (e)    24105 Eureka, Taylor, Michigan ("Happy's Pizza Number 39");

    (f)    1247 E 87th Street, Chicago, Illinois ("Happy's Pizza Chicago Number 1"); and

    (g)    4908 A Turney, Garfield Heights, Ohio ("Happy's Pizza Cleveland Number 4").

("YALDO Happy's Pizza franchises").

## The Income Tax System

    6.     The Internal Revenue Service ("IRS") was an agency of the United States

Department of the Treasury responsible for administering and enforcing the tax laws of

the United States. The Internal Revenue Code, and regulations enacted thereunder,

provided the federal tax laws in the United States.

7.      Every citizen and resident of the United States who received gross income in excess of the minimum filing amount established by law for a particular tax year is required to annually make and file an income tax return for that tax year, typically by April 15 of the following year.  Individuals were required to prepare and file income tax returns on a Form 1040 or its equivalent.

8.      Partnerships and corporations were required to report gross income on tax returns to be filed with the IRS. Subchapter S corporations were required to report income on a Form 1120S U.S. Corporation Income Tax Return for an S-Corporation ("Form 1120S") and to report each shareholder's share of income, deductions, and credits on a Schedule K-1.

9.      Gross income means all income from whatever source derived, including compensation for services such as wages and Schedule K-1 shareholder income.

10.     Employers are required to withhold, account for, and pay over to the IRS a variety of taxes from employee wages, collectively referred to as "Payroll Taxes." These taxes were:  Federal Income Tax Withholding ("Withholding Taxes"); Federal Insurance Contribution Act taxes ("FICA Taxes");  and Federal Unemployment Tax Act taxes ("FUTA"), as more particularly described below:

(a)     Withholding Taxes: In general, an employer must deduct and withhold income tax on the amount of wages that actually or constructively are paid to its employees, and pay over those withholding taxes to the IRS;

(b)     FICA Taxes: The FICA tax is comprised of two elements: old-age, survivor and disability insurance, commonly referred to as "Social Security," and health insurance, commonly referred to as "Medicare."  Social Security taxes are used to fund

4

retirement and disability benefits, while Medicare taxes are used to provide health and medical benefits for the aged and disabled.  An employer must deduct FICA taxes on the amount of wages that actually or constructively are paid to its employees, and pay over those FICA taxes to the IRS; and

(c)    FUTA Taxes:  The FUTA tax is levied as an excise tax against the employer, based on the total wages paid by the employer.

11.    To account for payroll taxes that must be paid to the IRS, the Internal Revenue Code required employers to prepare tax forms, including a Form W-2 Wage and Tax Statement ("Form W-2") and to file them annually with the IRS.  The Internal Revenue Code required employers to accurately report to the IRS amounts of employee wages paid, as well as Payroll Taxes due and withheld based on those wages.

12.    Section 7501 of the Internal Revenue Code provided that whenever any person is required to withhold or collect any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so withheld or collected shall be held in trust on behalf of the United States.

13.    Employers must report Payroll Taxes – except the FUTA tax, on an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941").  The Form 941 is filed quarterly, and is due one month after the conclusion of each quarter.

14.    Employer paid FUTA Taxes are reported on an Employer's Annual Federal Unemployment Tax Return ("Form 940").  The Form 940 is filed annually, and is due by the last day of the first calendar month after the calendar year ends

5

## The Conspiracy

15.     The allegations in paragraph 1 through 14 of this Indictment are re-alleged and incorporated as if set forth in full herein.

16.     From on or about June 1, 2004, to in or about April 2011, in the Eastern District of Michigan, and elsewhere,

HAPPY ASKER,
MAHER BASHI,
and
TOM J. YALDO,

the Defendants herein, did unlawfully, voluntarily, intentionally, and knowingly conspire and agree with each other, and others known and unknown to the Grand Jury, to defraud the United States and the IRS by impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, assessment, computation and collection of the revenue, to wit, Payroll and Income Taxes.

## Objective of the Conspiracy

17.     The objective of the conspiracy was for the Defendants to enrich themselves by defrauding a department of the United States government; to wit the IRS, by implementing a scheme which systematically underreported the taxable income and payroll taxes of Happy's Pizza franchises, and distributed the resulting gain among the Defendants and the Happy's Pizza franchise partners.

## The Fraudulent Scheme

18.     From on or about June 1, 2004, to in or about April 2011, the Defendants HAPPY ASKER, MAHER BASHI, TOM J. YALDO, and others created, developed, managed, operated, and participated in a scheme whereby they, and other ASKER Happy's Pizza franchise shareholders and employees, maintained two sets of business

6

books and records, diverted Happy's Pizza gross receipts, underreported payroll expense to the IRS, paid employees in cash, and received income that was not reported to the IRS. This scheme was known within the Happy's Pizza franchises as the "Profit Split Scheme."

19.     As part of the scheme and to further its objectives, the Defendants maintained a computer spreadsheet of business income and expenses for each Happy's Pizza franchise which understated the true income and expenses for each franchise. These fraudulent income and expense figures were provided to the accountants and tax return preparers for the purpose of preparing false and fraudulent income tax returns for the Happy's Pizza franchises.

20.     As part of the scheme and to further its objectives, the Defendants instructed the Happy's Pizza franchise partners to maintain a second set of books and records for every Happy's Pizza franchise that recorded the true and accurate income and expenses for each franchise. The second set of books and records was known as the "Dome Books." The Dome Books were not provided to the franchises' accountants and tax return preparers. Once each week, normally on Monday, using the Dome Books, a net profit figure was calculated for each Happy's Pizza franchise for that week and distributed to each franchise partner in cash based on established ownership percentages. This income distribution was not reported to the accountants and tax return preparers for the Happy's Pizza franchises, or to the IRS.

21.     As part of the scheme and to further its objectives, the Defendants, instructed and caused the franchise partners to systematically underreport the wages

7

paid to employees to the payroll service contracted to prepare payroll tax returns for the Happy's Pizza franchises.

22.    From on or about June 1, 2004, to in or about April 2011, the Happy's Pizza franchises paid approximately $2,110,840 in wages to shareholders and employees that were not reported on Forms W-2 or Forms 941 submitted to the IRS.

## Manner and Means of the Conspiracy

23.    Among the manner and means by which the Defendants, together with others known and unknown to the Grand Jury, created, developed, managed, operated, and participated in the Profit Split Scheme as follows:

(a)    The Defendants maintained and caused to be maintained two sets of business books and records for the Happy's Pizza franchises, consisting of one accurate set of books and records, the "Dome Books," that accurately reported business gross receipts and expenses, and one fraudulent set of books and records that under-reported business income and expenses, including payroll.

(b)    The Defendants provided the fraudulent set of books for the Happy's Pizza franchises to their accountants and tax return preparers, thereby causing the underreporting of gross receipts, income and expenses of the Happy's Pizza franchises to the IRS.

(c)    The Defendants caused false Forms 1120S for the Happy's Pizza franchises to be filed with the IRS that failed to include the full and accurate amount of the gross receipts, income and expenses of the Happy's Pizza franchises to the IRS.

(d)     The Defendants caused false Schedules K-1 for the Happy's Pizza franchises to be issued to shareholders that omitted income paid to the Happy's Pizza franchise partners in the Profit Split Scheme.

(e)     The Defendants directed Happy's Pizza franchise partners to pay their employees' wages entirely in cash, and to report to the payroll service company only a portion of the cash wages paid to these employees.

(f)     The Defendants caused false and fraudulent Forms 941 and 940 for the Happy's Pizza franchises to be filed with the IRS that did not include the full amount of cash wages paid to franchise employees, and failed to account for Payroll Taxes owed by the franchises and employees on these cash wages.

(g)     The Defendants caused the Happy's Pizza franchises to issue false Forms W-2 to certain employees that included only a portion of the cash wages paid to franchise employees.

(h)     The Defendants caused false Forms 1040 for Happy's Pizza shareholders and employees to be filed with the IRS that omitted income paid to franchise partners through the Profit Split Scheme.

## Overt Acts

24.    On or about the dates indicated in the table below, the Defendants HAPPY ASKER and MAHER BASHI caused false Forms 1120S to be filed with the IRS on behalf of the ASKER Happy's Pizza franchise indicated in the table below:

|     | Franchise | Calendar Year | Approximate Filing Date | Gross Receipts (or Sales) Reported | Approximate Unreported Gross Receipts |
|-----|-----------|---------------|-------------------------|-------------------------------------|---------------------------------------|
| (a) | Happy's Pizza Number 8 | 2006 | August 15, 2007 | $501,114 | $685,000 |

9

| | | | | | |
|---|---|---|---|---|---|
| (b) | Happy's Pizza Number 8 | 2007 | September 30, 2008 | $541,624 | $759,000 |
| (c) | Happy's Pizza Number 8 | 2008 | September 12, 2009 | $661,459 | $467,000 |
| (d) | Happy's Pizza Number 9 | 2009 | June 8, 2010 | $696,805 | $295,000 |

25.     On or about the dates indicated in the table below, the Defendants

HAPPY ASKER, MAHER BASHI, and TOM J. YALDO caused false Forms 1120S to be

filed with the IRS on behalf of the YALDO Happy's Pizza franchises indicated in the

table below:

| | Franchise | Calendar Year | Approximate Filing Date | Gross Receipts (or Sales) Reported | Approximate Unreported Gross Receipts |
|---|---|---|---|---|---|
| (a) | Happy's Pizza Number 25 | 2008 | February 21, 2009 | $507,479 | $205,000 |
| (b) | Happy's Pizza Number 25 | 2009 | February 4, 2010 | $700,800 | $276,000 |
| (c) | Happy's Pizza Number 29 | 2008 | April 6, 2009 | $458,615 | $248,00 |
| (d) | Happy's Pizza Number 29 | 2009 | March 11, 2010 | $647,691 | $230,994 |
| (e) | Happy's Pizza Number 35 | 2008 | September 21, 2009 | $416,613 | $211,000 |
| (f) | Happy's Pizza Number 35 | 2009 | June 28, 2010 | $1,184,180 | $411,000 |
| (g) | Happy's Pizza Number 39 | 2009 | April 4, 2011 | $1,146,917 | $145,000 |

26.     On or about the dates indicated in the table below, the Defendant HAPPY

ASKER, who was the taxpayer, caused false Forms 1040 to be filed with the IRS, as

indicated in the table below:

| | Taxpayer | Calendar Year | Approximate Filing Date | False Total Income on Form 1040 (Line 22) |
|---|---|---|---|---|
| (a) | HAPPY ASKER | 2005 | January 29, 2007 | $236,985 |

| | | | | |
|---|---|---|---|---|
| (b) | HAPPY ASKER | 2006 | October 15, 2007 | $220,057 |
| (c) | HAPPY ASKER | 2007 | May 18, 2009 | $346,523 |
| (d) | HAPPY ASKER | 2008 | February 28, 2010 | $553,043 |

27.    On or about the dates indicated in the table below, defendants HAPPY

ASKER and MAHER BASHI caused false Forms 941 to be filed with the IRS for each of

the quarters and years listed in the table below on behalf of the named Happy's Pizza

franchises indicated in the table below:

| | Franchise | Calendar Year & Quarter | Approximate Filing Date | Wages Reported on Forms 941 | Approximate Unreported Wages |
|---|---|---|---|---|---|
| (a) | Happy's Pizza Number 8 | 2006 1Q | April 30, 2006 | $15,000 | $47,011 |
| (b) | Happy's Pizza Number 8 | 2006 2Q | January 24, 2007 | $17,863 | $41,909 |
| (c) | Happy's Pizza Number 8 | 2006 3Q | October 31, 2006 | $15,121 | $43,425 |
| (d) | Happy's Pizza Number 8 | 2006 4Q | January 31, 2007 | $17,255 | $48,874 |
| (e) | Happy's Pizza Number 8 | 2007 1Q | April 30, 2007 | $17,516 | $53,585 |
| (f) | Happy's Pizza Number 8 | 2007 2Q | July 31, 2007 | $19,056 | $45,222 |
| (g) | Happy's Pizza Number 8 | 2007 3Q | October 31, 2007 | $17,660 | $48,239 |
| (h) | Happy's Pizza Number 8 | 2007 4Q | January 31, 2008 | $19,754 | $49,240 |
| (i) | Happy's Pizza Number 8 | 2008 1Q | April 30, 2008 | $20,762 | $42,256 |
| (j) | Happy's Pizza Number 8 | 2008 2Q | July 31, 2008 | $24,236 | $35,907 |
| (k) | Happy's Pizza Number 8 | 2008 3Q | November 4, 2008 | $27,915 | $30,490 |
| (l) | Happy's Pizza Number 8 | 2008 4Q | January 31, 2009 | $23,732 | $34,773 |
| (i) | Happy's Pizza Number 9 | 2009 1Q | May 4, 2009 | $30,917 | $27,921 |
| (j) | Happy's Pizza Number 9 | 2009 2Q | July 31, 2009 | $25,833 | $20,072 |

|  | Franchise | Calendar Year & Quarter | Approximate Filing Date | Wages Reported on Forms 941 | Approximate Unreported Wages |
|---|---|---|---|---|---|
| (k) | Happy's Pizza Number 9 | 2009 3Q | October 31, 2009 | $20,597 | $29,968 |
| (l) | Happy's Pizza Number 9 | 2009 4Q | February 3, 2010 | $27,017 | $26,877 |
| (m) | Happy's Pizza Toledo Number 2 | 2009 1Q | May 4, 2009 | $32,817 | $24,347 |
| (n) | Happy's Pizza Toledo Number 2 | 2009 2Q | July 31, 2009 | $25,427 | $30,769 |
| (o) | Happy's Pizza Toledo Number 2 | 2009 3Q | October 31, 2009 | $31,954 | $20,154 |
| (p) | Happy's Pizza Toledo Number 2 | 2009 4Q | February 3, 2010 | $25,959 | $21,773 |

28.     On or about the dates indicated in the table below, defendants HAPPY

ASKER, MAHER BASHI, and TOM J. YALDO caused false Forms 941 to be filed with

the IRS for each of the quarters and years listed in the table below on behalf of the

YALDO Happy's Pizza franchises indicated in the table below:

|  | Franchise | Tax Year & Quarter | Approximate Filing Date | Wages Reported on Forms 941 | Approximate Unreported Wages |
|---|---|---|---|---|---|
| (a) | Happy's Pizza Number 25 | 2008 2Q | July 31, 2008 | $19,447 | $31,177 |
| (b) | Happy's Pizza Number 25 | 2008 3Q | November 4, 2008 | $39,702 | $33,401 |
| (c) | Happy's Pizza Number 25 | 2008 4Q | January 31, 2009 | $37,732 | $26,573 |
| (s) | Happy's Pizza Number 25 | 2009 1Q | May 4, 2009 | $36,403 | $32,980 |
| (e) | Happy's Pizza Number 25 | 2009 2Q | July 31, 2009 | $37,854 | $29,171 |
| (f) | Happy's Pizza Number 25 | 2009 3Q | October 31, 2009 | $25,355 | $39,982 |
| (f) | Happy's Pizza Number 25 | 2009 4Q | February 3, 2010 | $25,127 | $41,483 |
| (g) | Happy's Pizza Number 29 | 2008 2Q | July 31, 2008 | $23,167 | $54,390 |

| | Franchise | Tax Year & Quarter | Approximate Filing Date | Wages Reported on Forms 941 | Approximate Unreported Wages |
|---|---|---|---|---|---|
| (h) | Happy's Pizza Number 29 | 2008 3Q | November 4, 2008 | $21,252 | $41,133 |
| (i) | Happy's Pizza Number 29 | 2008 4Q | January 31, 2009 | $25,013 | $23,547 |
| (j) | Happy's Pizza Number 29 | 2009 1Q | May 4, 2009 | $29,275 | $36,231 |
| (k) | Happy's Pizza Number 29 | 2009 2Q | July 31, 2009 | $31,239 | $25,681 |
| (l) | Happy's Pizza Number 29 | 2009 3Q | October 31, 2009 | $21,961 | $29,299 |
| (m) | Happy's Pizza Number 29 | 2009 4Q | February 3, 2010 | $17,261 | $37,461 |
| (n) | Happy's Pizza Number 29 | 2010 1Q | May 4, 2010 | $20,247 | $40,467 |
| (o) | Happy's Pizza Number 29 | 2010 2Q | August 4, 2010 | $17,547 | $35,640 |
| (q) | Happy's Pizza Number 29 | 2010 3Q | November 3, 2010 | $30,629 | $2,902 |
| (r) | Happy's Pizza Number 35 | 2008 3Q | November 4, 2008 | $4,565 | $28,882 |
| (s) | Happy's Pizza Number 35 | 2008 4Q | January 31, 2009 | $17,734 | $109,186 |
| (t) | Happy's Pizza Number 35 | 2009 1Q | May 4, 2009 | $23,322 | $88,042 |
| (u) | Happy's Pizza Number 35 | 2009 2Q | July 31, 2009 | $25,494 | $70,043 |
| (v) | Happy's Pizza Number 35 | 2009 3Q | October 31, 2009 | $24,361 | $71,038 |
| (w) | Happy's Pizza Number 35 | 2009 4Q | February 3, 2010 | $27,603 | $71,641 |
| (x) | Happy's Pizza Number 35 | 2010 1Q | May 4, 2010 | $32,029 | $69,483 |
| (y) | Happy's Pizza Number 35 | 2010 2Q | August 4, 2010 | $26,877 | $55,952 |
| (z) | Happy's Pizza Number 35 | 2010 3Q | November 3, 2010 | $39,219 | $10,280 |
| (aa) | Happy's Pizza Number 39 | 2009 3Q | October 31, 2009 | $14,679 | $24,025 |
| (bb) | Happy's Pizza Number 39 | 2009 4Q | February 3, 2010 | $39,858 | $31,055 |

13

|  | Franchise | Tax Year & Quarter | Approximate Filing Date | Wages Reported on Forms 941 | Approximate Unreported Wages |
|---|---|---|---|---|---|
| (cc) | Happy's Pizza Chicago Number 1 | 2009 4Q | February 3, 2010 | $48,874 | $23,416 |
| (dd) | Happy's Pizza Chicago Number 1 | 2010 1Q | May 4, 2010 | $42,438 | $23,899 |
| (ee) | Happy's Pizza Chicago Number 1 | 2010 2Q | August 4, 2010 | $42,234 | $14,697 |
| (ff) | Happy's Pizza Cleveland Number 1 | 2009 1Q | May 4, 2009 | $103,978 | $63,586 |
| (gg) | Happy's Pizza Cleveland Number 1 | 2009 2Q | July 31, 2009 | $74,777 | $23,765 |
| (hh) | Happy's Pizza Cleveland Number 1 | 2009 3Q | October 31, 2009 | $62,690 | $17,355 |
| (ii) | Happy's Pizza Cleveland Number 1 | 2009 4Q | February 3, 2010 | $62,345 | $12,578 |
| (jj) | Happy's Pizza Cleveland Number 2 | 2009 1Q | May 4, 2009 | $77,708 | $39,985 |
| (kk) | Happy's Pizza Cleveland Number 2 | 2009 2Q | July 31, 2009 | $66,477 | $9,033 |
| (ll) | Happy's Pizza Cleveland Number 2 | 2009 3Q | October 31, 2009 | $52,463 | $2,873 |
| (mm) | Happy's Pizza Cleveland Number 2 | 2009 4Q | February 3, 2010 | $49,791 | $6,256 |

All in violation of Title 18, United States Code, Section 371.

The Grand Jury further charges:

## COUNT 2-4

26 U.S.C. § 7206(1)
Filing a False Return
(Happy Asker)

D-1 HAPPY ASKER

29.     Paragraphs 1 through 14 and 17 through 29 of this Indictment are realleged as if set forth in full herein.

14

30.   On or about the dates set forth below, in the Eastern District of Michigan and elsewhere,

HAPPY ASKER

the Defendant herein, did make or subscribe false Forms 1040, for the calendar year set forth below, each of which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the IRS, which HAPPY ASKER did not believe to be true and correct as to every material matter, in that the returns falsely reported as total income the amounts set forth below, whereas, as HAPPY ASKER then and there well knew and believed, the actual total income was in excess of the reported total income:

| Count | Tax Year | Approximate Filing Date | False Total Income on Form 1040 (Line 22) |
|-------|----------|-------------------------|-------------------------------------------|
| 2 | 2006 | October 15, 2007 | $220,057 |
| 3 | 2007 | May 18, 2009 | $346,523 |
| 4 | 2008 | February 28, 2010 | $553,043 |

In violation of Title 26, United States Code, Section 7206(1).

The Grand Jury further charges:

## **COUNT 5-25**

26 U.S.C. § 7206(2)
Aiding or Assisting in the Filing of a False Return
(Happy Asker)
(Maher Bashi)

D-1 HAPPY ASKER
D-2 MAHER BASHI

31.   The allegations in paragraph 1 through 14 and 17 through 29 of this Indictment are re-alleged and incorporated as if set forth in full herein.

32.     On or about the dates set forth below, in the Eastern District of Michigan and elsewhere

HAPPY ASKER, and

MAHER BASHI

the Defendants herein, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS of false Forms 941 and Forms 940, for the calendar years and quarters set forth below, each of which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the IRS, which the Defendants did not believe to be true and correct as to every material matter, in that the returns falsely reported as wages and total payments to all employees amounts set forth below, whereas, the Defendants then and there well knew and believed, the actual wages reported or total payments to all employees were in excess of the reported wages reported or total payments to all employees indicated below:

| Count | Franchise | Calendar Year / Quarter | Form | Approximate Filing Date | Approximate Wages Reported on Form 941 or Total Payments to all Employees Reported on Form 940 |
|-------|-----------|--------------------------|------|--------------------------|------------------------------------------------------------------------------------------------|
| 5 | Happy's Pizza Number 8 | 2008 2Q | Form 941 | July 31, 2008 | $24,236 |
| 6 | Happy's Pizza Number 8 | 2008 3Q | Form 941 | November 4, 2008 | $27,915 |

| Count | Franchise | Calendar Year / Quarter | Form | Approximate Filing Date | Approximate Wages Reported on Form 941 or Total Payments to all Employees Reported on Form 940 |
|---|---|---|---|---|---|
| 7 | Happy's Pizza Number 8 | 2008 4Q | Form 941 | January 31, 2008 | $23,732 |
| 8 | Happy's Pizza Number 8 | 2008 | Form 940 | February 9, 2009 | $96,647 |
| 9 | Happy's Pizza Number 9 | 2009 1Q | Form 941 | May 1, 2009 | $30,917 |
| 10 | Happy's Pizza Number 9 | 2009 2Q | Form 941 | July 31, 2009 | $25,833 |
| 11 | Happy's Pizza Number 9 | 2009 3Q | Form 941 | October 31, 2009 | $20,597 |
| 12 | Happy's Pizza Number 9 | 2009 4Q | Form 941 | February 3, 2010 | $27,017 |
| 13 | Happy's Pizza Number 9 | 2009 | Form 940 | February 8, 2010 | $104,366 |
| 14 | Happy's Pizza Number 29 | 2009 4Q | Form 941 | February 3, 2010 | $17,261 |
| 15 | Happy's Pizza Number 29 | 2010 1Q | Form 941 | May 4, 2010 | $20,247 |
| 16 | Happy's Pizza Number 29 | 2010 2Q | Form 941 | August 5, 2010 | $17,547 |
| 17 | Happy's Pizza Number 29 | 2010 3Q | Form 941 | November 3, 2010 | $30,629 |
| 18 | Happy's Pizza Number 29 | 2009 | Form 940 | February 8, 2010 | $100,437 |

| Count | Franchise | Calendar Year / Quarter | Form | Approximate Filing Date | Approximate Wages Reported on Form 941 or Total Payments to all Employees Reported on Form 940 |
|---|---|---|---|---|---|
| 19 | Happy's Pizza Number 35 | 2010 1Q | Form 941 | May 4, 2010 | $32,029 |
| 20 | Happy's Pizza Number 35 | 2010 2Q | Form 941 | August 4, 2010 | $26,877 |
| 21 | Happy's Pizza Number 35 | 2010 3Q | Form 941 | November 3, 2010 | $32,219 |
| 22 | Happy's Pizza Number 35 | 2010 | Form 940 | February 8, 2011 | $1,771 |
| 23 | Happy's Pizza Number 39 | 2009 3Q | Form 941 | October 31, 2009 | $14,679 |
| 24 | Happy's Pizza Number 39 | 2009 4Q | Form 941 | November 3, 2010 | $39,858 |
| 25 | Happy's Pizza Number 39 | 2009 | Form 940 | February 8, 2010 | $54,538 |

In violation of Title 26, United States Code, Section 7206(2).

The Grand Jury further charges:

## COUNT 26-48

26 U.S.C. § 7206(2)
Aiding or Assisting in the Filing of a False Return
(Tom J. Yaldo)

D-3 TOM J. YALDO

33.    Paragraphs 1 through 14 and 17 through 29 of this Indictment are realleged as if set forth in full herein.

34.    On or about the dates set forth below, in the Eastern District of Michigan and elsewhere,

TOM J. YALDO

the Defendant herein, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS of false Forms 941 and Forms 940, for the calendar year and quarter set forth below, each of which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the IRS, which TOM J. YALDO did not believe to be true and correct as to every material matter, in that the returns falsely reported as wages reported or total payments to all employees amounts set forth below, whereas, as TOM J. YALDO then and there well knew and believed, the actual wages reported and total payments to all employees was in excess of the reported wages reported or total payments to all employees indicated below:

| Count | Franchise | Calendar Year / Quarter | Form | Approximate Filing Date | Approximate Wages Reported on Form 941 or Total Payments to all Employees Reported on Form 940 |
|---|---|---|---|---|---|
| 26 | Happy's Pizza Number 20 | 2009 4Q | Form 941 | February 3, 2010 | $680.00 |
| 27 | Happy's Pizza Number 20 | 2010 1Q | Form 941 | May 4, 2010 | $14,959 |

19

| Count | Franchise | Calendar Year / Quarter | Form | Approximate Filing Date | Approximate Wages Reported on Form 941 or Total Payments to all Employees Reported on Form 940 |
|---|---|---|---|---|---|
| 28 | Happy's Pizza Number 20 | 2010 2Q | Form 941 | August 4, 2010 | $15,486 |
| 29 | Happy's Pizza Number 20 | 2010 3Q | Form 941 | November 2, 2010 | $16,654 |
| 30 | Happy's Pizza Number 20 | 2009 | Form 940 | February 8, 2010 | $570 |
| 31 | Happy's Pizza Number 25 | 2009 4Q | Form 941 | February 3, 2010 | $25,127 |
| 32 | Happy's Pizza Number 25 | 2010 1Q | Form 941 | May 4, 2010 | $20,790 |
| 33 | Happy's Pizza Number 25 | 2010 2Q | Form 941 | August 4, 2010 | $15,155 |
| 34 | Happy's Pizza Number 25 | 2010 3Q | Form 941 | November 3, 2010 | $25,129 |
| 35 | Happy's Pizza Number 25 | 2009 | Form 940 | January 31, 2010 | $104,366 |
| 36 | Happy's Pizza Number 29 | 2009 4Q | Form 941 | February 3, 2010 | $17,261 |
| 37 | Happy's Pizza Number 29 | 2010 1Q | Form 941 | May 4, 2010 | $20,247 |
| 38 | Happy's Pizza Number 29 | 2010 2Q | Form 941 | August 5, 2010 | $17,547 |
| 39 | Happy's Pizza Number 29 | 2010 3Q | Form 941 | November 3, 2010 | $30,629 |

| Count | Franchise | Calendar Year / Quarter | Form | Approximate Filing Date | Approximate Wages Reported on Form 941 or Total Payments to all Employees Reported on Form 940 |
|---|---|---|---|---|---|
| 40 | Happy's Pizza Number 29 | 2009 | Form 940 | February 8, 2010 | $100,437 |
| 41 | Happy's Pizza Number 35 | 2009 4Q | Form 941 | February 3, 2010 | $27,603 |
| 42 | Happy's Pizza Number 35 | 2010 1Q | Form 941 | May 4, 2010 | $32,029 |
| 43 | Happy's Pizza Number 35 | 2010 2Q | Form 941 | August 4, 2010 | $26,877 |
| 44 | Happy's Pizza Number 35 | 2010 3Q | Form 941 | November 3, 2010 | $32,219 |
| 45 | Happy's Pizza Number 35 | 2010 | Form 940 | February 8, 2011 | $1,771 |
| 46 | Happy's Pizza Number 39 | 2009 3Q | Form 941 | October 31, 2009 | $14,679 |
| 47 | Happy's Pizza Number 39 | 2009 4Q | Form 941 | November 3, 2010 | $39,858 |
| 48 | Happy's Pizza Number 39 | 2009 | Form 940 | February 8, 2010 | $54,538 |

In violation of Title 26, United States Code, Section 7206(2).

The Grand Jury further charges:

## COUNT 49-59

26 U.S.C. § 7206(2)
Aiding or Assisting in the Filing of a False Return

(Happy Asker and Maher Bashi)

D-1 HAPPY ASKER
D-2 MAHER BASHI

35.     Paragraphs 1 through 14 and 17 through 29 of this Indictment are realleged as if set forth in full herein.

36.     On or about the dates set forth below, in the Eastern District of Michigan and elsewhere, defendants,

HAPPY ASKER
and
MAHER BASHI,

the Defendants herein, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS of Forms 1120S on behalf of the Happy's Pizza franchise indicated in the table below, for the calendar years indicated each of which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the IRS, which HAPPY ASKER and MAHER BASHI did not believe to be true and correct as to every material matter, in that the returns falsely reported as gross receipts the amounts set forth below, whereas, as HAPPY ASKER and MAHER BASHI then and there well knew, the actual gross receipts of the Happy's Pizza franchise indicated below were in excess of the gross receipts reported:

| Count | Franchise | Calendar Year | Approximate Filing Date | Approximate Gross Receipts (or Sales) Reported |
|-------|-----------|---------------|-------------------------|------------------------------------------------|
| 49 | Happy's Pizza No. 8 | 2006 | August 15, 2007 | $501,114 |
| 50 | Happy's Pizza No. 8 | 2007 | September 30, 2008 | $561,624 |

| 51 | Happy's Pizza No. 8 | 2008 | September 12, 2009 | $661,459 |
| 52 | Happy's Pizza No. 9 | 2009 | June 8, 2010 | $696,805 |
| 53 | Happy's Pizza No. 25 | 2008 | February 21, 2009 | $507,479 |
| 54 | Happy's Pizza No. 25 | 2009 | February 4, 2010 | $700,800 |
| 55 | Happy's Pizza No. 29 | 2008 | April 6, 2009 | $458,615 |
| 56 | Happy's Pizza No. 29 | 2009 | March 11, 2010 | $647,691 |
| 57 | Happy's Pizza No. 35 | 2008 | September 21, 2009 | $416,613 |
| 58 | Happy's Pizza No. 35 | 2009 | June 28, 2010 | $1,184,180 |
| 59 | Happy's Pizza No. 39 | 2009 | April 4, 2011 | $1,146,917 |

In violation of Title 26, United States Code, Section 7206(2).

The Grand Jury further charges:

## COUNT 60

26 U.S.C. § 7212(a)
Corrupt endeavor to Obstruct or Impede the
Due Administration of the Internal Revenue Laws
(Happy Asker and Maher Bashi)

D-1 HAPPY ASKER
D-2 MAHER BASHI

37.    Paragraphs 1 through 14 and 17 through 29 of this Indictment are

realleged as if set forth in full herein.

38.    From on or about June 1, 2004, to in or about April 2011, in the Eastern

District of Michigan and elsewhere,

HAPPY ASKER
and
MAHER BASHI,

the Defendants herein, did corruptly endeavor to obstruct and impede the due

administration of the Internal Revenue Laws by:

       (a)     Concealing Defendant ARKAN SUMMA's investment, ownership,

earned shareholder's income, and control of Happy's Pizza No. 14, Happy's Pizza No.

24, Happy's Pizza Toledo No. 2, and Happy's Pizza Toledo No. 3, by among other

things, providing false information to Special Agents from the IRS – Criminal

Investigation Division on December 1, 2010.

       (b)     Utilizing the Profit Split Scheme method of diverting gross receipts,

paying employees cash, and underreporting wages and shareholder income earned

from the operation of the ASKER Happy's Pizza franchises, thus concealing from the

IRS a substantial portion of the taxable income from these businesses; and

       (c)     Participating in the practice of substantially underreporting the

wages of the employees of the ASKER Happy's Pizza franchises to the IRS by

fraudulently reporting only a portion of these employees' wages to a payroll service

company, for which a payroll stub was issued, and paying the entirety of these

employees' wages in cash.

In violation of Title 26, United States Code, Section 7212(a) and Title 18, United States Code, Section 2.

The Grand Jury further charges:

### COUNT 61

26 U.S.C. § 7212(a)
Corrupt endeavor to Obstruct or Impede the
Due Administration of the Internal Revenue Laws
(Tom J. Yaldo)

D-3 TOM J. YALDO

39.     Paragraphs 1 through 14 and 17 through 29 of this Indictment are realleged as if set forth in full herein.

40.     From on or about June 1, 2007, to in or about April 2011, in the Eastern District of Michigan and elsewhere,

TOM J. YALDO

the Defendant herein, did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue Laws by:

(a)     Utilizing the Profit Split Scheme, diverting gross receipts, paying employees cash, and underreporting wages and shareholder income earned from the operation of the YALDO Happy's pizza franchises, thus concealing from the IRS a substantial portion of the taxable income from these businesses, and

(b)   Participating in the practice of substantially under-reporting the

wages of the employees of the YALDO Happy's Pizza franchises to

the IRS by fraudulently reporting only a portion of these employees'

wages to a payroll service company, for which a payroll stub was

issued, and paying the entirety of these employees' wages in cash.

In violation of Title 26, United States Code, Section 7212(a).

The Grand Jury further charges:

## COUNT 62

26 U.S.C. § 7212(a)
Corrupt endeavor to Obstruct or Impede the
Due Administration of the Internal Revenue Laws
(Arkan Summa and Tagrid Summa Bashi)

D-4 ARKAN SUMMA
D-5 TAGRID SUMMA BASHI

41.   Paragraphs 1 through 14 and 17 through 29 of this Indictment are

realleged as if set forth in full herein.

42.   From on or about June 1, 2004, to in or about April 2011, in the Eastern

District of Michigan and elsewhere, defendants,

ARKAN SUMMA, and
TAGRID SUMMA BASHI

the Defendants herein, did corruptly endeavor to obstruct and impede the due

administration of the Internal Revenue Laws by:

(a)   Concealing Defendant ARKAN SUMMA's investment, ownership,

earned shareholder's income, and control of Happy's Pizza

franchise Numbers 14, 24, Toledo 2, and Toledo Number 3, by,

26

among other things, using TAGRID SUMMA BASHI as a nominee owner on the behalf of ARKAN SUMMA;

(b)      Utilizing the Profit Split Scheme, diverting gross receipts, paying employees cash, and underreporting wages and shareholder income earned from the operation of the Happy's Pizza franchises Numbers 14, 24, Toledo 2, and Toledo 3, thus concealing from the IRS a substantial portion of the taxable income from these businesses;

(c)      On August 25, 2010 TAGRID SUMMMA BASHI providing false information to Special Agents of the IRS – Criminal Investigation regarding ARKAN SUMMA'S INVESTMENT, operation, earned shareholder's income, and control of Happy's Pizza franchises Numbers 14, 24, Toledo 2, and Toledo 3; and

(d)      On January 24, 2011 TAGRID SUMMA BASHI providing false information to Special Agents of the IRS – Criminal Investigation Division and the Department of Justice regarding ARKAN SUMMA's investment, operation, earned shareholder's income, and control of Happy's Pizza franchises Numbers 14, 24, Toledo 2, and Toledo 3.

27

In violation of Title 26, United States Code, Section 7212(a) and Title 18, United

States Code, Section 2.


THIS IS A TRUE BILL

s/Grand Jury Foreperson
Grand Jury Foreperson


KATHRYN KENEALLY
Assistant Attorney General
Department of Justice Tax Division
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. §515



s/Corey J. Smith
By   COREY J. SMITH
Senior Litigation Counsel



s/Mark McDonald
MARK MCDONALD
Trial Attorney

| United States District Court<br>Eastern District of Michigan | Criminal Case Co | Case:2:13-cr-20518<br>Judge: Hood, Denise Page<br>MJ: Grand, David R.<br>Filed: 07-12-2013 At 12:28 PM<br>INDI USA V. SEALED MATTER (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to co

## Reassignment/Recusal Information  This matter was opened in the USAO prior to August 15, 2008    [ ]

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| **Yes**    X    **No** | AUSA's Initials:  MM |

**Case Title:**    United States of America v. Happy Asker, et al

**County where offense occurred :**    Oakland County

**Check One:**    **X Felony**        ☐ **Misdemeanor**        ☐ **Petty**

___X___Indictment/_____Information --- **no** prior complaint.

_____Indictment/_____Information --- based upon prior complaint [**Case number:** ]

__Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐    Original case was terminated; no additional charges or defendants.

☐    Corrects errors; no additional charges or defendants.

☐    Involves, for plea purposes, different charges or adds counts.

Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

July 12, 2013 _____                    s/Mark McDonald _____

Date                                            MARK McDONALD
                                                   Trial Attorney
                                                   U.S. Department of Justice, Tax Division
                                                   Northern Criminal Enforcement Section

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09